UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ZMC PHARMACY, LLC,                          Case No. 16-cv-10508

                    Intervenor Plaintiff,        Paul D. Borman
                                                 United States District Judge
v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

                    Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION TO DISMISS (ECF NO. 24)

This case involves various parties' claims for the payment of no-fault insurance

benefits stemming from an August 19, 2014 motor vehicle accident in which a car

driven by Tamika R. Burrell, the original Plaintiff in this action, was struck in the rear

by a hit and run driver and sustained accidental bodily injuries. Intervenor Plaintiff

ZMC Pharmacy, LLC ("ZMC"), the only remaining plaintiff, provided services and/or

products to Ms. Burrell allegedly related to her August 19, 2014 automobile accident.

ZMC intervened in this action attempting to recover no-fault insurance benefits from

Defendant State Farm Mutual Automobile Insurance Company ("State Farm") for the

products/services it provided to Ms. Burrell. State Farm now moves for summary judgment based on the Michigan Supreme Court's decision in *Covenant Medical Center, Inc. v. State Farm Mut. Auto. Ins. Co*., 500 Mich. 191, 895 N.W.2d 490 (2017), which established that medical providers such as ZMC do not have a statutory claim under the Michigan No-Fault Act to recover personal protection insurance benefits from no-fault insurers. (ECF No. 24, Motion for "Summary Judgment".) ZMC filed a Response (ECF No. 26) and State Farm filed a Reply (ECF No. 27). For the reasons that follow, the Court GRANTS State Farm's motion and DISMISSES Plaintiff's Complaint WITH PREJUDICE.

## I.  BACKGROUND

### A.  Procedural History

Ms. Burrell originally filed her claims in Wayne County Circuit Court on or about September 3, 2015. On or about November 18, 2015, ZMC, an entity that claims to have provided Plaintiff with products and services (pharmaceuticals) related to her care and recovery from the August 19, 2014 accident, sought to intervene in the state court action and filed an Intervening Complaint in that court on November 18, 2015. ZMC's Intervenor Complaint claimed a right to payment from State Farm under the Michigan No-Fault statute based upon services/products (pharmaceuticals) rendered to Ms. Burrell between September 22, 2015 to October 30, 2017, allegedly

in connection with her August 19, 2014 motor vehicle accident.  On February 11, 2016, Defendant State Farm removed the case to this Court, based upon diversity jurisdiction, after Burrell filed an amended complaint in state court on or about February 4, 2016, adding a claim for uninsured motorist benefits up to the policy limits of $50,000.  The newly asserted claim for uninsured motorist benefits,  when combined with Plaintiff's original claim of damages in excess of $25,000, resulted in an amount in controversy in excess of $75,000.    (ECF No. 1, Notice of Removal ¶¶ 2-15, Exs. 5, 6.)  Intervenor Plaintiff MMT Integrative Services, Inc. ("MMT"), an entity that claims to have provided Plaintiff with products and services (physical therapy) related to her care and recovery from the August 19, 2014 accident, was granted permission to intervene by this Court and filed an Intervenor Complaint in this Court on June 21, 2016.  (ECF Nos. 10, 12.)  On July 19, 2017, both Ms. Burrell and MMT were dismissed from this action by Stipulated Order of Dismissal after participating in a state court case evaluation proceeding and accepting their respective awards.  (ECF Nos. 22, 23.)  Intervening Plaintiff ZMC participated in the case evaluation process, but did not accept an award or dismiss its claims against State Farm.

## B. Factual Background

On August 19, 2014, Ms. Burrell was involved in a motor vehicle accident in which she sustained accidental bodily injuries. Ms. Burrell was insured with Defendant State Farm under a no-fault insurance policy at the time of the accident. (ECF No. 1, Notice of Removal Ex. E, Amended Compl. ¶¶ 14, 16.) Ms. Burrell was struck in the rear of her vehicle by a hit and run driver, pushing her into the vehicle in front of her, and seeks uninsured motorist benefits in the amount of the policy limits of $50,000. (*Id.* ¶ 17.) Ms. Burrell claims to have suffered permanent disfigurement that has affected her ability to lead a normal life, specifically but not limited to post-concussion syndrome, disc herniation at multiple levels compressing the thecal sac, myofascial syndrome in the spine, closed head injury, cervical and lumbar radiculopathy, anxiety, and depression. (*Id.* ¶ 21.) Ms. Burrell also claims to have lost wages and suffered diminished earning capacity, as well as having incurred economic expenses and medical expenses. (*Id.* ¶¶ 22-23.)

Intervenor Plaintiff ZMC claims to have provided products and services to Ms. Burrell in the amount of $8,685.71, which were reasonable and necessary products and services for Ms. Burrell's care and recovery, and to have incurred all reasonable charges for those products and services. (ECF No. 1, Notice of Removal Ex. 6, ZMC Intervening Complaint ¶ 7.) ZMC claims in its Intervening Complaint that State

Farm has failed to pay for the outstanding $8,685.71, in violation of the Michigan No-Fault Act. (*Id*. ¶ 12.) ZMC now claims to have incurred a total of $221,260.09 in unpaid charges for pharmaceuticals provided to Ms. Burrell beginning on September 22, 2015 and continuing through May 8, 2017. Because the unpaid no-fault benefits are overdue, ZMC claims entitlement to interest at the rate of 12% per annum and reasonable attorney fees, both as provided under the Michigan No-Fault statute.

On February 2, 2017, the parties to this action stipulated to submit the matter to State Court Case Evaluation. (ECF No. 20.) On May 9, 2017, a case evaluation hearing was held in state court. Plaintiff Burrell and Intervening Plaintiff MMT accepted the case evaluation awards and dismissed their claims against State Farm on July 19, 2017, pursuant to stipulated orders of dismissal. (ECF Nos. 22, 23.) Intervenor Plaintiff ZMC participated in, but did not accept, the case evaluation award and did not dismiss its claims against State Farm.[1]

On July 27, 2017, State Farm filed this motion to dismiss ZMC's claims against

---

[1] The Court takes judicial notice, as it is permitted to do in resolving the instant motions, of its own docket (ECF Nos. 20-23), which reflects these undisputed facts regarding the state court evaluation and its results. "It is well established that a court can take judicial notice of its own files and records under Rule 201 of the Federal Rules of Evidence." *Gerritsen v. Warner Bros. Entm't Inc*., 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015); *Woods v. Northport Public School*, 487 F. App'x 968, 973 (6th Cir. 2012) (granting motion to take judicial notice of the district court's decision ordering reimbursement of attorneys fees entered while case was on appeal) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1281 (6th Cir. 1991)).

it based upon *Covenant*, which established that medical providers such as ZMC do not have a statutory cause of action under the Michigan No-Fault Act to recover personal protection insurance benefits from no-fault insurers. ZMC responded that *Covenant* left open a healthcare provider's right to proceed against an insurer based upon an assignment of rights from an insured. ZMC argues that it has obtained such an assignment from Ms. Burrell, dated June 12, 2017, which ZMC claims entitles it to recover payment from State Farm for pharmaceuticals provided to Burrell, allegedly in connection with her August 19, 2014 motor vehicle accident, from September 22, 2015 through May 8, 2017, which totals $221,260.09. State Farm disputes both the validity of the June 12, 2017 Assignment and its timeliness with respect to ZMC's claims.

## II.    STANDARD OF REVIEW

State Farm would do well to study Federal Rules of Civil Procedure 12 and 56 and understand the important differences between a motion to dismiss (either for failure to state a claim 12(b)(6) or for judgment on the pleadings 12(c)) under Rule 12 and a motion for summary judgment under Rule 56. The differences are important and of dispositive significance to this Court's standard of review of State Farm's motion. This is not the only case presently before this Court in which State Farm has failed to state and apply the appropriate standard of review. Further filings by State

Farm in this Court that fail to specify the exact Federal Rule of Civil Procedure under which they move, and fail to present argument and evidence appropriate to that standard of review, will be stricken by this Court.

While State Farm captions its motion as one "for summary judgment," seemingly invoking Fed. R. Civ. P. 56, it proceeds to cite in the Standard of Review section of its brief only Fed. R. Civ. P. 12, in specific, two subsections of that rule, 12(b)(1) and 12(b)(6), neither of which is applicable here. First, a motion under Fed. R. Civ. P. 12(b)(1), which State Farm first lists in its Standard of Review, applies to challenges to the Court's subject matter jurisdiction. State Farm does not articulate a challenge to the Court's subject matter jurisdiction and this subsection of Rule 12 is inapt. Second, it is axiomatic that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) can only be filed before an answer is filed. "A motion asserting any of these defenses [under 12(b)] must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). State Farm answered ZMC's Intervening Complaint in state court on or about November 30, 2015. (ECF No. 1-7, Defendant's Answer to Intervening Plaintiff's Complaint, PgID 130.) Therefore, Rule 12(b)(6), also cited by State Farm in its Standard of Review section, is likewise inapplicable and an inappropriate procedural vehicle for the relief State Farm seeks, i.e. dismissal of Plaintiff's Complaint. The appropriate procedural vehicle for a motion under Rule 12

to dismiss after an answer has been filed is Fed. R. Civ. P. 12(c) for judgment on the pleadings. Regrettably, State Farm does not even mention Rule 12(c), and continues throughout its briefing to refer to its motion as one for "summary judgment," despite the fact that State Farm does not mention or refer to Fed. R. Civ. P. 56 and its applicable standards of review **at all.**

Perplexed by this procedural puzzle, the Court asked State Farm's counsel at the hearing on the motion to identify which rule of Federal Civil Procedure State Farm it was asking the Court to apply. Counsel responded, after some hesitation that he "believed" it "should be 12(b)(6)." In light of State Farm's affirmation at the hearing of its intention to move under Rule 12, and because Rule 12(b)(6) is procedurally inapplicable in light of State Farm's answer to the Intervening Complaint, the Court construes the motion as one under Rule 12(c) for judgment on the pleadings, which applies the same standard of review applicable to motions under Rule 12(b)(6).

"Motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) are analyzed under the same de novo standard as motions to dismiss pursuant to Rule 12(b)(6)." *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008) (citing *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005)). "[T]he legal standards for adjudicating Rule 12(b)(6) and Rule 12(c) motions are the same . . . ." *Lindsay v. Yates*, 498 F.3d

434, 437 n. 5 (6th Cir. 2007). The Sixth Circuit has defined the pleading requirements

necessary to withstand a challenge under Rule 12(c):

> We recently explained the pleading requirements that are necessary to survive a Rule 12(c) motion:
>
>> In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level...." *Id*. at 1964-65 (internal citations omitted). In *Erickson v. Pardus*, 550 U.S. ----, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), decided two weeks after *Twombly*, however, the Supreme Court affirmed that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Id*. at 2200 (quoting *Twombly*, 127 S.Ct. at 1964). The opinion in *Erickson* reiterated that "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Id*. (citing *Twombly*, 127 S.Ct. at 1965). We read the *Twombly* and *Erickson* decisions in conjunction with one another when reviewing a district court's decision to grant a motion to dismiss for failure to state a claim or a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12. *Sensations, Inc*., 526 F.3d at 295-96 (footnote omitted).

*Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 550 (6th Cir. 2008) (quoting

*Sensations,* 526 F.3d at 295 (6th Cir. 2008)).

When reviewing a motion to dismiss under Rule 12(b)(6), and therefore under Rule 12(c), a court must "'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'" *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Directv Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). The court "need not accept as true a legal conclusion couched as a factual allegation, or an unwarranted factual inference." *Handy-Clay*, 695 F.3d at 539 (internal quotation marks and citations omitted). *See also Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) ("Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.").

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id*. at 555 (internal quotation marks and citations omitted) (alteration in original). "To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *LULAC v. Bredesen*, 500 F.3d 523,

527 (6th Cir. 2007).

The Supreme Court clarified the concept of "plausibilty" in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), explaining that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 678." Thus, "[t]o survive a motion to dismiss, a litigant must allege enough facts to make it plausible that the defendant bears legal liability. The facts cannot make it merely possible that the defendant is liable; they must make it plausible. Bare assertions of legal liability absent some corresponding facts are insufficient to state a claim." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents that are referenced in the plaintiff's complaint and that are central to plaintiff's claims, (2) matters of which a court may take judicial notice (3) documents that are a matter of public record, and (4) letters that constitute decisions of a governmental agency. *Thomas v. Noder-Love*, 621 F. App'x 825, 829 (6th Cir. 2015) ("Documents outside of the pleadings that may typically be incorporated without converting the motion to dismiss into a motion for summary judgment are public records, matters of which a court may take judicial notice, and letter decisions

of governmental agencies.") (Internal quotation marks and citations omitted); *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001) ("We have taken a liberal view of what matters fall within the pleadings for purposes of Rule 12(b)(6). If referred to in a complaint and central to the claim, documents attached to a motion to dismiss form part of the pleadings. . . . [C]ourts may also consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies."); *Greenberg v. Life Ins. Co. Of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (finding that documents attached to a motion to dismiss that are referred to in the complaint and central to the claim are deemed to form a part of the pleadings). Where the claims rely on the existence of a written agreement, and plaintiff fails to attach the written instrument, "the defendant may introduce the pertinent exhibit," which is then considered part of the pleadings. *QQC, Inc. v. Hewlett-Packard Co*., 258 F. Supp. 2d 718, 721 (E.D. Mich. 2003). "Otherwise, a plaintiff with a legally deficient claims could survive a motion to dismiss simply by failing to attach a dispositive document." *Weiner v. Klais and Co., Inc*., 108 F.3d 86, 89 (6th Cir. 1997).

## III. ANALYSIS

### A. ZMC's Intervening Complaint Seeks Statutory Relief That is Now Barred by *Covenant*, Prompting ZMC's Request to Amend to Rely on an Assignment of Rights in Favor of ZMC Executed by Ms. Burrell on June 12, 2017.

The parties agree that Michigan substantive law governs the issues presented in State Farm's motion. There is no dispute, after the Michigan Supreme Court's decision in *Covenant*, that medical providers such as ZMC do not have a statutory cause of action under the Michigan No-Fault Act to recover personal protection insurance benefits from no-fault insurers. Further, the Michigan Court of Appeals decision in *Foote Memorial Hosp. v. Michigan Assigned Claims Plan*, 321 Mich. App. 159, 2017 WL 3836645, at *14 (Mich. Ct. App. Aug. 31, 2017), establishes that *Covenant* applies retroactively. *Covenant* thus provides a basis for dismissal of ZMC's Intervening Complaint, which stated only a statutory claim under the Michigan No-Fault statute seeking to recover the cost of medical products (pharmaceuticals) that it rendered to State Farm's insured, Ms. Burrell, in connection with her injuries allegedly stemming from the August 19, 2014 hit and run accident.

ZMC argues, however, in response to State Farm's motion,[2] that it has a claim

---

[2] Equally perplexing is ZMC's "Standard of Review" section of its brief, which simply cites to both Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 56, without suggesting which Rule applies to the motion under consideration or what evidence the Court may consider.

against State Farm as the assignee of Ms. Burrell's rights under an Assignment of Rights that Ms. Burrell executed on June 12, 2017, assigning to ZMC her rights to recover no-fault benefits under her State Farm policy. (ECF No. 24, Def.'s Mot. Ex. B.) Because State Farm has filed a motion for judgment on the pleadings, the Court cannot consider this Assignment in ruling on the motion to dismiss as it was not mentioned in, attached to or referred to in ZMC's Intervening Complaint, nor could it have been because it did not exist until June 12, 2017. Thus, State Farm would be entitled to dismissal of ZMC's pending Intervening Complaint under the holdings of *Covenant* and *Foote*.

Likely acknowledging the legal insufficiency of its original Intervening Complaint, ZMC suggests that it should be entitled to amend its intervening complaint to assert claims under the June 12, 2017 Assignment. Again ignoring the Federal Rules of Civil Procedure (Rule 15(a)(2)) and this Court's local rules regarding the filing of motions for leave to amend a complaint (E.D. Mich. L.R. 15.1), ZMC simply states in its Response to State Farm's motion that it "now seeks to amend their Complaint to include their claim for benefits arising out of the aforementioned assignment." (ECF No. 26, ZMC's Resp. 8, PgID 395.) ZMC attaches to its Response a copy of its Proposed First Amended Intervening Complaint, attempting to assert the June 12, 2017 Assignment as a basis for their claim. (ZMC's Resp. Ex.

B.)

This is not the appropriate procedure for seeking leave to amend. "Although requests to amend should be freely given under Federal Rule of Civil Procedure 15(a), the requesting party must at least file a motion to that effect. The Sixth Circuit has condemned the practice of incorporating such informal requests in opposition briefs." *Alliance for Children, Inc. v. City of Detroit Public Schools*, 475 F. Supp. 2d 655, 669 (E.D. Mich. 2007) (quoting *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671 (6th Cir. 2004)). Here, ZMC "did not actually file a motion to amend along with an accompanying brief, as required by the local rules governing practice before the district court. Instead, they simply included the [] request in their brief opposing the Defendants' motions to dismiss." *Id.* In standard practice, "[h]ad [ZMC] filed a motion to amend the complaint prior to th[e] Court's consideration of the motions to dismiss and accompanied that motion with a memorandum identifying the proposed amendments, the Court [c]ould have considered the motions to dismiss in light of the proposed amendments to the complaint." *Begala v. PNC Bank, Ohio, Nat. Ass'n*, 214 F.3d 776, 784 (6th Cir. 2000).

But ZMC did not file such a motion and did not follow the Federal Rules of Civil Procedure or this Court's local rules. However, because ZMC did attach a copy of its Proposed Amended Intervening Complaint to its Response, giving fair notice of

the basis for the proposed amendment, and because State Farm has vigorously responded to the argument regarding the June 12, 2017 Assignment, the Court will excuse this procedural failing and will consider the request for leave to amend and will analyze the validity of the assignment-based argument set forth in ZMC's proposed amended intervening complaint against State Farm's motion to dismiss.

"Although Rule 15(a)(2) provides that '[t]he court should freely give leave when justice so requires,' leave may be denied on the basis of undue delay, bad faith by the moving party, repeated failure to cure defects by previously-allowed amendments, futility of the proposed new claim, or undue prejudice to the opposite party." *Spigno v. Precision Pipeline, LLC*, 59 F. Supp. 3d 831, 834 (E.D. Mich. 2014) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[T]he district court may deny a motion to amend a complaint if the court concludes that the pleading as amended could not withstand a motion to dismiss." *Id.* (citing *Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1989)).

The Court concludes that ZMC's proposed amendment would be futile, and could not withstand a motion to dismiss, because Ms. Burrell settled her claims against State Farm in this action in May, 2017, in a state court case evaluation proceeding in which ZMC participated, and dismissed her claims against State Farm in this action, in advance of the execution of her assignment of rights to ZMC on June

12, 2017.  ZMC's derivative claim for benefits from State Farm therefore fails, as discussed *infra*.

**B.** **Notwithstanding the Failure of Many of State Farm's Arguments Against the Effectiveness of the June 12, 2017 Assignment, That Assignment Does Not Give ZMC Safe Harbor From the *Covenant* Ruling.**

It is now established that *Covenant*, which expressly declined to alter the rights of an insured to assign her rights to a medical provider, did not bar claims based on contractual assignments for presently or past due benefits.  "[O]ur conclusion today is not intended to alter an insured's ability to assign his or her right to past or presently due benefits to a healthcare provider." *Covenant*, 500 Mich. 191, 895 N.W.2d at 505 n. 40 (citing Mich. Comp. Laws § 500.3143 and *Professional Rehab Assoc. v. State Farm Mut. Auto. Ins. Co*., 228 Mich. App. 167, 172 (1998) ("noting that only the assignment of future benefits is prohibited by MCL 500.3143.")).  And the Michigan Court of Appeals has ruled that *Covenant* applies retroactively.  *Foote*, 321 Mich. App. 159, 2017 WL 3836645, at *14.  Thus, a health care provider may endeavor to proceed against an insurer on an assignment-based claim and Michigan courts post-*Covenant* and *Foote* have granted healthcare providers whose pending statutory claims now fail under *Covenant* "the opportunity to amend [a] complaint to pursue benefits on an assigned claim theory [presuming] plaintiff can establish that the

injured party treated by plaintiff assigned her claims to plaintiff." *Bronson Healthcare Grp., Inc. v. Michigan Assigned Claims Plan*, No. 336088, 2018 WL 1219096, at *2 (Mich. Ct. App. March 8, 2018) (alteration added).

State Farm argues, however, that this particular June 12, 2017 Assignment from Ms. Burrell to ZMC is ineffective to resurrect ZMC's failed statutory claim for benefits because: (1) Ms. Burrell's policy with State Farm contained an "assignment approval" clause, which provided that "[n]o assignment of benefits or other transfer of rights is binding upon us unless approved by us," and Ms. Burrell did not request or receive approval of assignment; (2) the attempted assignment is partial and therefore unenforceable under Michigan law; (3) ZMC stands in the shoes of its assignor, Ms. Burrell, who accepted a case evaluation award on May 9, 2017, that dismissed with prejudice all of Burrell's claims against State Farm and therefore ZMC has no rights against State Farm and/or such rights are limited by the one-year back rule and by the proscription against assignment of future benefits. The Court addresses these arguments in turn and concludes that ultimately Ms. Burrell's May 9, 2017 acceptance of the case evaluation award in this case, and dismissal of her claims against State Farm, forecloses ZMC's right to proceed against State Farm.

## 1. The assignment approval clause in Burrell's State Farm Policy does not bar the June 12, 2017 Assignment.

State Farm argues that Plaintiff's attempt to rely on the June 12, 2017 Assignment must fail because Burrell's State Farm Policy contained a clause expressly providing that: "No assignment of benefits or other transfer of rights is binding upon *us* unless approved by *us*."  (ECF No. 24, Def.'s Mot. Ex. E, Certified Copy of Burrell Policy, State Farm Car Policy Booklet, General Terms ¶ 9 Assignments) (Emphasis in original).  There is no dispute that Burrell did not seek, and State Farm did not grant, approval of the June 12, 2017 Assignment to ZMC. State Farm submits that under Michigan law, non-assignment clauses are enforceable provided that the contractual prohibition against assignment is clear and unequivocal, which this clause is.  A number of cases, however, decided in the wake of the *Covenant* decision, have addressed this very issue and have concluded that because an assignment of no-fault benefits can only assign present or past due (but not future) benefits, *see Professional Rehab*, 228 Mich. App. at 172, such assignments seek to assign only accrued losses, which cannot be prohibited under Michigan law.  *See, e.g., Estate of Grimmett v. Encompass Indemnity Co*., No. 14-cv-14646, 2017 WL 5592897, at *4-5 (E.D. Mich. Nov. 21, 2017) (noting that "Michigan courts have enforced anti-assignment clauses that prohibit assignment of future benefits, but not

those that prohibit assignment of accrued losses"); *Covenant Medical Center, Inc. v. Auto-Owners Ins. Co.*, No. 17-cv-11176, 2017 WL 4572327, at *4 (E.D. Mich. Oct. 13, 2017) (observing that under Michigan law, "an anti-assignment clause will not be enforced where a loss occurs before the assignment, because in that situation the assignment of the claim under the policy is viewed no differently than any other assignment of an accrued cause of action"); *Michigan Brain and Spine Surgeons, PLLC v. State Farm Mutual Auto. Ins. Co.*, No. 17-158827-NF (Oakland County Cir. Ct. Aug. 9, 2017 Slip Op. at 1-2) (holding a post-loss assignment of the right to receive payment for no-fault services rendered assigns "the right to prosecute an accrued claim for money damages," and is valid and enforceable). As discussed *infra*, Burrell's June 12, 2017 Assignment purported to assign only accrued losses, *i.e.* rights to payment for pharmaceuticals provided by ZMC between September 22, 2015 and May 8, 2017, prior to Plaintiff's execution of the Assignment. The Policy's assignment approval clause cannot operate to bar the June 12, 2017 Assignment, which assigns only accrued losses.

Relatedly, Michigan courts have held post-*Covenant* that the Michigan Uniform Commercial Code prohibits restrictions on assignments of healthcare insurance receivables. *Michigan Brain and Spine*, Aug. 9, 2017 Slip Op. at 6 ("The UCC plainly prohibits all restrictions on a health care provider's receiving and relying on

a patient assignment of a benefit due in payment for services from an insurance company . . . .").

## 2. The June 12, 2017 Assignment assigns "present or past" rights and does not purport to assign "future" rights and is not void as a "partial" assignment.

It is well established that the Michigan No-Fault statute "serves only to ban the assignment of benefits payable in the future and not those that are past due or presently due . . . ." *Professional Rehab*, 228 Mich. App. at 172. *See also Bronson*, 2018 WL 1219096, at *2 (remanding to permit plaintiff an opportunity to move the district court to amend, noting that "an agreement to assign a right to benefits payable in the future is void . . . [but that] an injured person may assign his or her right to past or presently due benefits to a healthcare provider") (internal quotation marks and citations omitted). Here, on June 12, 2017, Burrell assigned to ZMC the right to payment for all charges that "have been incurred on the date the Agreement is enforced." (ECF No. 26, Ex. B, Proposed Amended Intervening Complaint, Ex. A, June 12, 2017 Assignment.) ZMC seeks to recover only amounts for charges already incurred prior to the date of the Assignment, i.e. September 22, 2015 to May 8, 2017. (ECF No. 26, Pl.'s Resp. Ex. B, Proposed Amended Intervening Complaint Ex. B, Statement of Charges/Assignment of Payment.) As discussed *supra*, the June 12, 2017 Assignment to ZMC assigned only rights to past due payments, losses incurred

and accrued, and therefore is not invalid as an assignment of a future benefits.

Nor is the Assignment invalid as a partial assignment. "[T]he Michigan No-Fault Act contemplates that an injured person may be entitled to various types of benefits, including wage loss, replacement services, or medical bills, and not all of those benefits may accrue at the same time." *Advanced Surgery Ctr., LLC v. Allstate Ins. Co*., No. 17-cv-12492, 2017 WL 4792376, at *3 (E.D. Mich. Oct. 24, 2017). "The Act contemplates that a complaint may be filed seeking no-fault benefits from time to time. In this case, plaintiff seeks to recover payment for all of its past and present claims in one lawsuit. Neither the partial nor piecemeal nature of the assignment made by Mr. Minor renders the assignment invalid." *Id*. *See also Spine Specialists of Michigan, P.C. v. Allstate Property & Casualty Ins. Co*., No. 15-14102, 2018 WL 1255149, at *6 (E.D. Mich. March 12, 2018) (rejecting the same "piecemeal litigation" argument, and citing Michigan cases concluding that "requiring mandatory joinder of all no-fault benefits would be inconsistent with the legislature's intent").

**3.    Does the relation back doctrine apply to an assignment first executed after ZMC's original intervening complaint was filed?**

The issue of relation back (or not) is significant because the Michigan No-Fault statute contains a damages limitation provision (referred to as the "one-year back rule") which precludes recovery of no-fault benefits from an insurer for any portion

of the loss that is incurred more than one year before the date on which the action is commenced. Mich. Comp. Laws § 500.3145(1). "The Michigan Supreme Court has explained that the 'one-year-back rule . . . limits recovery of [] benefits to those incurred within one year before the date on which the no-fault action was commenced.'" *Magda v. Auto. Club Ins. Assoc.*, No. 14-cv-12144, 2015 WL 13036945, at *3 (quoting *Cooper v. Auto Club Ins. Assoc.*, 481 Mich. 399, 406 (2008)). "Notwithstanding the limitation, a court 'may exercise its equitable power to avoid the application of the one-year-back rule if there are allegations of fraud, mutual mistake, or other unusual circumstances.'" *Id.* (quoting *Cooper*, 481 Mich. at 450). Thus, in this case, if ZMC's motion to amend to assert a derivative right to benefits under the June 12, 2017 Assignment from Burrell to ZMC does not relate back to the filing of ZMC's original Intervenor Complaint filed on November 15, 2015, presumably ZMC can only look to recover for benefits paid between June 12, 2016 and June 12, 2017. If, on the other hand, the Assignment "relates back" to the November 15, 2015 date of the original Intervenor Complaint, presumably ZMC argues that it would be entitled to tolling of the one-year back rule to permit ZMC to recover for every loss it incurred related to Burrell's accident since that date.

Plaintiff concedes that it did not plead a right to payment in its Intervenor Complaint based upon assignment because at the time, the law in Michigan permitted

a healthcare provider to proceed with such claims directly under the Michigan No-Fault statute.  As discussed *supra*, Michigan courts have demonstrated a willingness to allow healthcare providers whose statutory claims were pending at the time *Covenant* was issued the opportunity to seek leave to amend their complaints to assert theories based upon an assignment.  *See, e.g. Foote*, 2017 WL 3836645, at *14 ("We conclude that the most prudent and appropriate course for us to take at this time is to remand this case to the trial court with direction that it allow plaintiff to move to amend its complaint, so that the trial court may address the attendant issues in the first instance."); *Harrison v. Allstate Prop. & Cas. Ins. Co.*, No. 334083, 2017 WL 5759768, at *5 (Mich. Ct. App. Nov. 28, 2017) (acknowledging that intervening plaintiff healthcare provider MHSI had no statutory claim for benefits after *Covenant* but remanding for further proceedings in light of *Covenant*, noting that "an amendment of MHSI's intervening complaint may be justified if, as MHSI contends and as the evidence submitted to this Court suggests, Harrison assigned his rights to MHSI").

With *Covenant's* clear rejection of a statutory right on behalf of healthcare providers, and equally clear preservation of a healthcare provider's right to proceed against an insurer based upon a valid assignment of rights from the insured, some courts have permitted the "relation back" of assignments executed in pending lawsuits

post-*Covenant* to the filing of the original complaint. *See, e.g., Spine Specialists of Michigan,* 2018 WL 1255149, at *6 (considering the effect of the one-year back rule post-*Covenant* and permitting an amended complaint that fell outside the statutory period to relate back where the assignment was executed on May 27, 2014, and the original action was filed on July 15, 2014, both events having occurred within the statutory period); *Auto-Owners*, 2017 WL 4572327, at *5 (allowing the relation back of a proposed amendment including a newly-executed assignment because the "proposed amended complaint asserted[ed] a derivative cause of action, based on the Assignment, by the same healthcare providers to recover the same benefits for the same healthcare services arising out of the same automobile accident"); *Estate of Grimmett*, 2017 WL 5592897, at *8 (concluding, without discussion, that the amended pleading asserting a claim based on an assignment executed at the time that services were rendered "asserts a claim arising from the same transaction or occurrence described in the original pleading").

In this case, however, there was no assignment executed at the time of any of the services rendered. The only assignment on which ZMC purports to rely was executed on June 12, 2017. ZMC provides no authority to support its argument that, in the wake of *Covenant* and *Foote*, Michigan courts would permit relation back in such an instance. As the Michigan Court of Appeals noted in *Foote* in ultimately

determining that *Covenant* should be applied retroactively, there is question whether the decision made by many healthcare providers to rely solely on a statutory claim to benefits was reasonable. *Foote*, 2017 WL 3836645, at *13 (noting that Michigan courts have always stated that the right to bring a claim for PIP benefits belongs to the injured party, thus "rais[ing] the question of how reasonable" it was for health care providers to rely solely on prior case law allowing them to directly claim benefits from insurers). *See also Harrison*, *supra*, 2017 WL 5759768, at *5 ("Considering that MHSI sought payment from Allstate based on its standing as a healthcare provider for the insured and there is no assertion or evidence on the record of an assignment, the Court's decision in *Covenant*, 500 Mich. App. at 196, mandates a finding that MHSI did not have any recognized statutory ground for recovery. Summary disposition was therefore required in favor of Allstate.") (Riordan, J, Dissenting.) *See also Standard Rehab., Inc. v. Grange Ins. Co. of Michigan*, No. 331734 (Mich. Ct. App. Sept. 5, 2017) (Per Curiam Unpublished Op.) (reversing and remanding with direction to dismiss in light of *Covenant* where "plaintiff conceded that the insureds made no assignment of their claims to plaintiff prior to this suit being filed").

This Court need not resolve the relation-back issue here however because Ms. Burrell released all claims that she had against State Farm for no-fault benefits when she accepted the case evaluation award in this action on May 9, 2017 and dismissed

her claim against State Farm for no-fault benefits related to her August 19, 2014 accident. Therefore, as discussed *infra*, her sole assignment to ZMC, executed on June 12, 2017, could not have assigned rights that she did not possess, thus defeating ZMC's derivative claim for benefits based on that Assignment.

**4. Plaintiff's May 9, 2017 acceptance of a case evaluation award and subsequent dismissal of all claims for no-fault benefits against State Farm related to her August 19, 2014 accident, defeats any derivative claim ZMC may have based on a June 12, 2017 Assignment.**

There is no dispute that ZMC's claims are derivative of Burrell's claims as the insured is the only person entitled to claim benefits under the Michigan No-Fault statute. *Foote*, 2017 WL 3836645, at *13 ("the right to bring a personal protection insurance action . . . belongs to the injured party") (quoting *Hatcher v. State Farm Mut. Ins. Co*., 269 Mich. App. 596, 600 (2005)). Here, there is no question that Ms. Burrell is foreclosed, by her acceptance of the case evaluation award and dismissal of State Farm with prejudice, from seeking any further relief from State Farm related to the claims in her Complaint, i.e. payment of no-fault benefits related to her August 19, 2014 motor vehicle accident. As her assignee, ZMC can have no greater claim than Ms. Burrell, from whom ZMC takes its claim.[3] A provider of medical services to an

---

[3] As discussed *supra*, ZMC participated in the case evaluation process but did not accept an award. ZMC chose instead to continue this lawsuit, notwithstanding that *Covenant* had rendered its statutory claim a nullity and that Ms. Burrell had fully released her claims against State Farm. Counsel for ZMC maintains that State Farm

insured, that receives an assignment of the insured's right to recover no-fault

insurance benefits, stands in the shoes of the insured and possesses the same rights as

the insured possessed at the time of the assignment. *Professional Rehab*, 228 Mich.

App. at 177 ("An assignee stands in the shoes of the assignor and acquires the same

rights as the assignor possessed. . . . Therefore, [a health care provider] stands in the

shoes of [the insured] and possesses whatever right [the insured] would have to collect

past due or presently due benefits from [the insurer].").  As the Michigan Court of

Appeals observed in *Clark v. Al-Amin*, 309 Mich. App. 387 (2015), in refusing to

reopen a completed settlement to include the claim of a provider not a party to the

settlement, an insurer is entitled to buy peace and finality when settling a claim with

the insured that includes provider bills, even though some provider bills may still be

outstanding:

> There are many other ways plaintiff or her lawyer could have settled her
> claim besides a universal settlement that wiped the slate clean of any
> claims incurred before the date of settlement. But they did not do so.
> Instead, they settled for a complete waiver of claims for $78,000, and
> Progressive paid this sum to buy its peace and achieve finality in this
> litigation.

---

did not "challenge ZMC's standing" until after the time to accept the case evaluation
award had passed.  But it is undisputed that *Covenant* was issued on May 25, 2017
and that acceptance of the case evaluation award was due on or before June 6, 2017.
ZMC's counsel nonetheless did not accept case evaluation and chose instead to
proceed ahead in very uncharted waters.

309 Mich. App. at 389-90.

United States District Judge Thomas Ludington, in *Auto-Owners*, touched on this issue because the plaintiff there had executed a release agreement in a separate action which purported to release the insurer from any liability under the policy for no-fault benefits "through June 6, 2016." 2017 WL 4572327, at *2 n. 1. The operative release agreement, however, was not a part of the record and Judge Ludington was constrained by the 12(b)(6) standard not to consider evidence of the release. But Judge Ludington noted that counsel for plaintiff did concede that the release may have barred plaintiff's claims that predated the release, suggesting that the release would control despite the relation back. 2017 WL 4572327, at *2 n. 1.

Here, Plaintiff's acceptance of the case evaluation award on May 9, 2017, and subsequent dismissal her claims against State Farm in this action, which are matters of record in this Court, forever barred any claim that ZMC, who also participated in the case evaluation process but did not accept the award, would present for payment from State Farm for no-fault benefits provided to Ms. Burrell prior to that date. ZMC's last reported claim for payment is dated May 8, 2017. It's proposed First Amended Intervening Complaint seeks to recover for losses incurred (pharmaceuticals provided to Burrell) from September 22, 2015 through May 8, 2017. These claims are foreclosed by Ms. Burrell's acceptance of the May 9, 2017 case evaluation award and

subsequent dismissal with prejudice of her claims against State Farm arising out of her August 19, 2014 accident.

## IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS State Farm's motion to dismiss and DENIES Plaintiff's requests to file an amended complaint based on the June 12, 2017 Assignment as futile. ZMC's claims against State Farm in this action are DISMISSED WITH PREJUDICE. This Order closes this case.

IT IS SO ORDERED.


                                        s/Paul D. Borman
                                        PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE

Dated: March 29, 2018


CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 29, 2018.

                                        s/Deborah Tofil
                                        Case Manager